UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRIAN ERIC CARR<br><br>Defendant/Petitioner. | Criminal No. 02-0106 (JDB)<br>Civil Action No. 05-2055 (JDB) |

### MEMORANDUM OPINION

This case is before the Court on petitioner Brian Eric Carr's motion to vacate, set aside or correct his sentence for bank robbery. See 28 U.S.C. § 2255. Petitioner argues that his sentence of 262 months imprisonment should be set aside for three reasons: (1) he was deprived of his Sixth Amendment right to the effective assistance of appellate counsel; (2) his sentence is unconstitutional under Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005); and (3) he received ineffective assistance of counsel at his trial. For the reasons set out below, the Court concludes that petitioner's motion should be denied.

### BACKGROUND

On January 30, 2002, petitioner was arrested outside a Chevy Chase Bank in downtown Washington, D.C. Plain-clothes officers of the Metropolitan Police Department were canvassing the area following a series of bank robberies in the neighborhood. The officers observed petitioner through a window of the bank and noted that he matched the description of the suspect in the earlier thefts. Petitioner was seen handing a note to a female bank teller. In response, the

teller gave petitioner a large sum of cash. Police apprehended petitioner as he exited the building, and a subsequent investigation linked him to several earlier robberies.

On July 24 and 25, 2002, a jury in this Court convicted petitioner on five counts of bank robbery, in violation of 18 U.S.C. §2113(a).[1] On February 7, 2003, the Court sentenced petitioner to 262 months in prison. Consistent with the then-mandatory United States Sentencing Guidelines, the Court ordered a term of imprisonment of 240 months on each of the first four counts, to run *concurrently*, and an additional twenty-two months on Count Five, to run *consecutively* to Counts One through Four. Petitioner also was sentenced to three years of supervised release and ordered to pay a special assessment of $100 on each count, totaling $500. Petitioner appealed, and the United States Court of Appeals for the District of Columbia Circuit affirmed both the conviction and the sentence on July 13, 2004. See United States v. Carr, 373 F.3d 1350 (D.C. Cir. 2004).

On October 13, 2005, petitioner filed a *pro se* motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255.[2] Petitioner raises three arguments in support of his

---

[1] The statute provides, in relevant part:
Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another ... any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association ... shall be fined under this title or imprisoned not more than twenty years, or both.
18 U.S.C. § 2113(a)

[2] There is a one-year statute of limitation for filing a section 2255 motion, beginning on the date when the judgment of conviction becomes final -- that is, at the end of the direct-appeal process. For a criminal defendant, this appeal process includes a single appeal of right, followed by a ninety-day period to file a petition for a writ of *certiorari* with the Supreme Court. See Sup. Ct. R. 13(1). Petitioner's appeal was decided on July 13, 2004. Although he did not file a petition for a writ of *certiorari*, his deadline to do so was October 11, 2004. Technically, therefore, petitioner's deadline for filing a section 2255 motion expired one year later, on October

motion. First, he contends that his Sixth Amendment right to the effective assistance of counsel was compromised by his appellate counsel's failure to supplement his appeal with an argument based on Blakely, a case decided by the Supreme Court on June 24, 2004, three weeks before the D.C. Circuit ruled on petitioner's appeal.[3]  Second, petitioner asserts that he was denied his Sixth Amendment right to a trial by jury -- as interpreted by Blakely and, later, Booker -- because this Court imposed a sentence based on facts that were not found by a jury beyond a reasonable doubt at a time when the United States Sentencing Guidelines were still mandatory.  Finally, Carr argues that he was denied his Sixth Amendment right to the effective assistance of counsel at *trial* because his lawyer did not investigate the possibility of calling a handwriting or fingerprint expert to testify in support of his defense.

**ANALYSIS**

**I.      Standard of Review**

A court may deny a section 2255 motion without holding an evidentiary hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  The decision whether to hold a hearing is committed to the district court's discretion, particularly when, as here, the judge who is considering the section 2255

---

11, 2005. Nonetheless, taking into account petitioner's status as a *pro se* prisoner and, therefore, the application of the so-called "prison mailbox rule," see Houston v. Lack, 487 U.S. 266, 276 (1988) (deeming a motion by a *pro se* prisoner to be filed at the time it is put into the prison mail system); Noble v. Kelly, 246 F.3d 93, 98 (2d Cir. 2001) (extending this rule to habeas petitions), as well as the fact that petitioner's motion was dated October 6, 2005, this Court will assume that petitioner filed his motion in a timely manner.

   [3] The Federal Rules of Appellate Procedure permit a party to bring to the court's attention "pertinent and significant authorities" at any point before the court issues its decision.  See Fed. R. App. P. 28(j).

motion "also presided over the trial in which the defendant claims to have been prejudiced." United States v. Morrison, 98 F.3d 619, 625 (D.C. Cir. 1996); United States v. Pollard, 959 F.2d 1011, 1030 (D.C. Cir. 1992). Only where the section 2255 motion raises "detailed and specific factual allegations whose resolution requires information outside of the record or the judge's personal knowledge or recollection must a hearing be held." Pollard, 959 F.2d at 1030-31. Upon a careful review of the petitioner's motion and the entire record of this criminal proceeding, as well as its own recollection of the relevant events in that proceeding, the Court concludes that a hearing is unnecessary and that the petitioner's motion should be denied.

**II.     Ineffective Assistance of Appellate Counsel**

Petitioner argues first that he was denied effective assistance of appellate counsel because his lawyer did not supplement the appeal with an argument that, in light of Blakely, Carr's sentence violated the Sixth Amendment because it exceeded the maximum penalty that he would have faced under the then-mandatory federal Sentencing Guidelines based "*solely* on ... the facts reflected in the jury verdict or admitted by the defendant." See 530 U.S. at 490 (emphasis added). Blakely, decided three weeks before Carr's conviction and sentence were affirmed on appeal, invalidated on Sixth Amendment grounds a sentence imposed under a Washington state sentencing statute that permitted an "exceptional sentence" based on a judge-found fact of "deliberate cruelty." Id. at 300. Although the holding of Blakely had no direct effect on sentences imposed under the federal Guidelines, there were immediate indications that those Guidelines were vulnerable to constitutional challenge. See id. at 305 n.9 (observing that the United States, as *amicus curiae*, had questioned whether the "differences between Washington's sentencing regime and the Federal Sentencing Guidelines ... [were] constitutionally significant").

Petitioner contends that his counsel on appeal committed a constitutionally significant error in failing to make a Blakely argument to the D.C. Circuit and that, were it not for that error, he might have been entitled to resentencing.

To succeed upon a claim of ineffective assistance of counsel, a criminal defendant must show both that his lawyer performed deficiently, see Strickland v. Washington, 466 U.S. 668, 687 (1984) ("lawyer made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment"), and also that he was prejudiced by counsel's mistakes, see id. at 694 ("a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different").  "Failure to make the required showing of *either* deficient performance or sufficient prejudice defeats the ineffectiveness claim." Id. at 700 (emphasis added).

    A.    **Performance of Appellate Counsel**

In Strickland, the Supreme Court observed that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690.  Petitioner has not overcome that presumption here and, therefore, the decision of petitioner's counsel not to supplement the appeal based on Blakely does not rise to the level of deficient performance described by Strickland.[4]

First and foremost, the Blakely Court specifically declined to address whether its interpretation of the Sixth Amendment had any consequences for the federal Sentencing Guidelines.  See 542 U.S. at 305, n.9 ("The Federal Guidelines are not before us, and we express

---

[4] In describing counsel's failure to act as a "decision," the Court does not mean to suggest that it has any information about what, if any, consideration petitioner's counsel gave to the possibility that application of the principles of Blakely might affect Carr's appeal.

no opinion on them."). For that reason, another district court has rejected as meritless a Strickland claim that was based on a lawyer's failure to raise the Blakely issue at a post-Blakely (but pre-Booker) sentencing hearing in federal court. See Lach v. United States, No. 05-CV-202, 2005 WL 1019238, at *1 n.1 (D. Utah Apr. 28, 2005) ("Blakely did not apply to the Federal Guidelines at the time of Petitioner's sentencing, and therefore, his counsel's conduct was not deficient in failing to raise Blakely."). As that court put it, "[a]lthough prior case law may have foreshadowed Booker, it did not *compel* the decision," Lach, 2005 WL 1019238, at *3 (emphasis added). Credible arguments could have been made -- and, in fact, were made in other cases -- that the federal Sentencing Guidelines were distinguishable from the Washington state sentencing scheme at issue in Blakely.

Alternatively, counsel may have made a "reasonable professional judgment" that, because Carr's trial counsel had not raised a Sixth Amendment objection to the sentence,[5] any Blakely-type claim he might have raised on behalf of Carr on appeal could not have overcome the "plain error" standard that the D.C. Circuit would have applied on review of that claim. See United States v. Olano, 507 U.S. 725, 731-37 (1993) (discussing plain-error review for forfeited claims). Or perhaps counsel concluded that raising a new claim -- particularly one with significant implications -- would distract the appeals court from what he believed, even if incorrectly, were more promising grounds for reversal.

Hence, the Court cannot conclude that there was deficient performance by appellate counsel here. For this reason alone, the claim of ineffective assistance of appellate counsel can

---

[5] Carr did, however, preserve an objection to this Court's *application* of the Guidelines in determining his sentence, and the D.C. Circuit heard and rejected that claim on appeal. See Carr, 373 F.3d 1353-54.

be dismissed, but the Court nonetheless will consider whether Carr can show Strickland prejudice.

**B.    Prejudice**

Even if the Court's conclusion above -- that the failure of petitioner's counsel to make a Blakely argument on appeal was not deficient performance within the meaning of Strickland -- is incorrect, petitioner's claim of ineffective assistance of appellate counsel still fails because he cannot establish a reasonable probability that, but for counsel's alleged error, the result of his sentencing would have been different.

Consideration of petitioner's claim of Strickland prejudice requires the Court to engage in a counterfactual inquiry: What might the D.C. Circuit have done had Carr's appellate counsel made a Blakely argument? The most favorable scenarios for Carr are either (1) that the D.C. Circuit would have decided in his favor that the mandatory federal Sentencing Guidelines could not stand after Blakely (i.e., reached the same determination that the Supreme Court eventually did in Booker), or (2) that the D.C. Circuit would have held his appeal in abeyance to await further clarification from the Supreme Court, a prospect that, even three weeks after Blakely, appeared inevitable, especially in light of the Seventh Circuit's decision in United States v. Booker, 375 F.3d 508, 515 (7th Cir. 2005) -- issued four days *before* the D.C. Circuit ruled on Carr's appeal -- which concluded that application of the federal Sentencing Guidelines to the defendant in that case[6] violated the Sixth Amendment, as interpreted in Blakely.[7] When the

---

[6] In Booker's case, the Guidelines called for his sentence to be increased based on judge-found facts that the defendant possessed a particular quantity of drugs and that the defendant obstructed justice. See 375 F.3d at 509.

[7] Indeed, the D.C. Circuit followed the latter course in at least one appeal after the Supreme Court granted *certiorari* in Booker. See, e.g., United States v. Coles, No. 03-3113,

Supreme Court finally did address the constitutionality of the federal Sentencing Guidelines six months later in Booker, it held that, *to the extent they are mandatory*, the Guidelines violate a criminal defendant's Sixth Amendment rights when they use judge-found facts to trigger higher penalties (that is, imposing a sentence that is greater than otherwise would be required under the Guidelines based only on the facts that were found by the jury or admitted by the defendant). See 543 U.S. at 243-44. To remedy that constitutional deficiency, the Court held that the statutory provisions that "have the effect of making the Guidelines mandatory must be invalidated in order to allow the statute to operate in a manner consistent with congressional intent." Id. at 746. Post-Booker, then, the Guidelines are merely advisory.

The constitutional holding of Booker, however, does not apply to a conviction, like Carr's, that had been affirmed on appeal prior to the Supreme Court's decision in Booker. See In re Zambrano, 433 F.3d 886, 889 (D.C. Cir. 2006) ("Booker is not a new rule of constitutional law 'made retroactive to cases on collateral review by the Supreme Court' within the meaning of 28 U.S.C. § 2255."). Essentially, then, the prejudice that petitioner alleges he suffered is that, because his counsel failed to make a Blakely argument on direct appeal, which might have caused the D.C. Circuit to hold his appeal open pending Booker, he lost the opportunity to have the holding of Booker apply to his case. In some circumstances, this indeed might constitute prejudice within the meaning of Strickland. But, unfortunately for Carr, none of the mandatory enhancements that applied to his Guidelines sentence entitle him to a resentencing under Booker, and therefore he cannot establish Strickland prejudice.

As grounds for prejudice, petitioner suggests that Booker forbids mandatory sentencing

---

2004 WL 2862212, at *2 (D.C. Cir. Dec. 13, 2004). The *certiorari* grant came on August 2, 2004 -- less than three weeks after Carr's appeal was decided. See 542 U.S. 956 (2004).

enhancements based on a judge-found fact that a defendant is a "career offender," see U.S.S.G. § 4B1.1 (2001),[8] as happened in his case. This argument, however, is without merit because Booker left intact the Supreme Court's earlier conclusion that a sentence enhancement based on a judge-made finding of the "fact of prior conviction" did not offend the Sixth Amendment. See 543 U.S. at 244 (reaffirming that "[a]ny fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt") (emphasis added); see also United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005) (noting the Blakely and Booker "left undisturbed" the holding of Almendarez-Torres v. United States, 523 U.S. 224 (1998), that the government "need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence").[9] That being so, this aspect of Carr's sentence does not present any Blakely/Booker difficulty.

Petitioner next intimates that he suffered prejudice because the Court at sentencing applied a then-mandatory provision of the Guidelines that required the twenty-two-month term associated with Count Five to run consecutively with (rather than concurrent to) the 240-month sentence on Counts One through Four. See U.S.S.G. § 5G1.2(d). Insofar as this argument suggests that any mandatory application of the Sentencing Guidelines is impermissible under the

---

[8] All references to the Sentencing Guidelines herein are to the 2001 edition, which applied to Carr's sentence.

[9] Although the Court is aware that some judges and commentators believe this exception lacks a principled basis, see, e.g., Apprendi v. New Jersey, 530 U.S. 466, 521 (2000) (Thomas, J., concurring) (concluding that "the fact of prior conviction" must be treated as an element of a crime if it leads to increased punishment), this Court is bound to recognize it unless and until a higher authority disavows it.

Sixth Amendment, it fundamentally misapprehends the meaning of Booker. Although Booker rendered the Guidelines advisory rather than mandatory in order to remedy Sixth Amendment deficiencies, Booker did not in any way declare unconstitutional provisions of law that require consecutive sentencing, even if those provisions were found in the Guidelines. Cf. Smylie v. Indiana, 823 N.E.2d 679, 686 (Ind. 2005) ("The trial court's sentencing of [defendant] to consecutive terms after finding an aggravating circumstance did not increase the sentence above the statutory maximum for each offense," and thus did not pose any Sixth Amendment problem.); New Jersey v. Abdulla, 878 A.2d 746, 756-57 (N.J. 2005) (explaining that "consecutive sentences do not invoke the same concerns that troubled the Supreme Court in Apprendi, Blakely, and Booker" and that, therefore, "imposing a consecutive sentence ... [does] not exceed the statutory maximum for Blakely or Apprendi purposes"). In short, even if the holding of Booker had applied to Carr's sentence, there would have been no constitutional concern with the mandatory application of section 5G1.2(d) of the Guidelines.

Because petitioner made a *pro se* filing, the Court reads the allegations of his section 2255 motion liberally and therefore will consider whether any other aspect of his mandatory Guidelines sentence might have entitled him to resentencing had the holding of Booker applied to his case (i.e., whether he suffered prejudice because of his counsel's failure to raise a Sixth Amendment objection to the mandatory application of the Sentencing Guidelines). The only other factors that played a role in increasing Carr's sentence under the then-mandatory Guidelines, and thus may have the potential to constitute Strickland prejudice, were the two "Specific Offense Characteristics" that the Court applied to petitioner's sentence.

The starting point for calculating Carr's sentence under the Guidelines was the offense of

"robbery."  See U.S.S.G. § 2B3.1.  Because he was convicted of bank robbery, the Court increased the applicable offense level by two levels pursuant to U.S.S.G. § 2B3.1(b)(1), which applies "[i]f the property of a financial institution or post office was taken, or if the taking of such property was an object of the offense."  This enhancement presents no Blakely/Booker problem, however, because it was not based upon a judge-found fact; rather, it was determined by the jury, beyond a reasonable doubt, as part of the conviction of petitioner on charges of *bank robbery*.  Thus, the mandatory application of this provision of the Guidelines to Carr's sentence cannot give rise to Strickland prejudice.

      The Court also increased petitioner's offense level by an additional two levels pursuant to U.S.S.G. § 2B3.1(b)(2)(F), which applies "if a threat of death was made" during the commission of a robbery.  The Court applied this mandatory Guidelines provision based on evidence presented at trial that, during the bank robberies, petitioner used notes that asserted he had a gun and was prepared to use it.  Because this fact was *not* found by the jury beyond a reasonable doubt, it is conceivable that, had petitioner's counsel made a Blakely argument on this point, the D.C. Circuit might have found constitutional error in the mandatory application of this provision (either by reaching the Booker conclusion on its own or by holding petitioner's appeal in abeyance pending Supreme Court clarification in Booker).  But a finding of a Blakely/Booker-type constitutional error does not always require a resentencing.  Indeed, since Booker, the D.C. Circuit has adopted a limited-remand procedure to determine whether a Booker error was harmless.  See, e.g., United States v. Coles, 403 F.3d 764, 771 (D.C. Cir. 2005) ("Because the record is insufficient for us to determine with confidence whether the defendant suffered prejudice from the Booker error in this case, we hereby remand the record to the District Court so

that it may determine whether it would have imposed a different sentence, materially more favorable to the defendant, if sentencing had taken place under the post-Booker sentencing regime."). As the matter is already before the same District Court that can answer that question, there is no need to proceed further. This Court would have imposed the same sentence even if the Sentencing Guidelines had been merely advisory rather than mandatory. Indeed, there is nothing in the nature or circumstances of petitioner's offenses, the history or characteristics of the petitioner, or any of the other sentencing factors of 18 U.S.C. § 3553(a), that would warrant the imposition of a sentence below the 262-month term of imprisonment recommended by the Guidelines and already imposed by this Court.

### III.    Constitutional Error in Sentencing

Petitioner next claims that this Court committed constitutional error in sentencing him under the then-mandatory federal Sentencing Guidelines. This claim is without merit because, as already noted, the constitutional holding of Booker applied only to future cases and those still pending on direct appeal when Booker was decided, and Carr's appeal was complete at that time. See In re Zambrano, 433 F.3d at 889; accord Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005); In re Olopade, 403 F.3d 159, 164 (3d Cir. 2005); United States v. Fowler, 133 Fed. Appx. 922, 922-23 (4th Cir. 2005); In re Elwood, 408 F.3d 211, 213 (5th Cir. 2005); United States v. Shipp, 137 Fed. Appx. 904, 904 (7th Cir.2005); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005); In re Anderson, 396 F.3d 1336, 1339-40 (11th Cir. 2005). And, as the above discussion of Strickland prejudice demonstrates, even if Booker *did* apply retroactively, Carr would not be entitled to resentencing.

## IV. Ineffective Assistance of Trial Counsel

Finally, petitioner claims that he received ineffective assistance of trial counsel because his counsel did not investigate the possibility of calling a handwriting or fingerprint expert in support of his defense. This claim, however, was not made on appeal, and thus petitioner is procedurally barred from raising the issue on this collateral review.

There is an exception to the procedural bar where a petitioner can show "cause" for his failure to raise the issue on direct appeal *and* "actual prejudice" resulting from the alleged error, see United States v. Frady, 456 U.S. 152, 167 (1982), but Carr cannot make either showing, let alone both. For starters, the only conceivable external "cause" for the default of this claim would be ineffective assistance of *appellate* counsel in failing to raise this particular ground as a claim of ineffective assistance of trial counsel. See Coleman v. Thomson, 501 U.S. 722, 753-54 (1991) ("[a]ttorney error that constitutes ineffective assistance of counsel is cause," within the meaning of the cause-and-actual-prejudice test). But given that Carr's appellate counsel made three separate claims that Carr's lawyer at trial committed prejudicial errors,[10] it would be impossible to treat the failure to make one more such claim on appeal as anything other than a "reasonable professional judgment" by appellate counsel, and thus constitutionally adequate. See Strickland, 466 U.S. at 690. Accordingly, petitioner cannot demonstrate "cause" for his procedural default. Furthermore, even if there were cause sufficient to excuse Carr's failure to raise this claim on direct appeal, there is no reason to think that he suffered any actual prejudice as a result of his

---

[10] See 373 F.3d at 1354-55 ("[Carr] complains that trial counsel: (1) failed to move for a severance of counts, either pre-trial or during trial; (2) failed to enter into evidence a prescription that would have shown Carr's eyeglasses were medically necessary and not a cosmetic change Carr made in order to avoid identification at trial; and (3) did not make 'sufficient efforts' to locate two individuals the police had suspected, before Carr was apprehended, of committing the first four bank robberies.").

trial counsel's conduct in this regard.  Indeed, petitioner has offered the Court no reason whatsoever to think that testimony by a handwriting or fingerprint expert -- assuming it was requested and allowed -- would have had any significant effect on the trial in Carr's favor.

## CONCLUSION

For the reasons stated above, petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is denied.  A separate order has been issued herewith.

      /s/ John D. Bates  
JOHN D. BATES  
United States District Judge

Dated:   February 21, 2006

Copies to:

Brian Eric Carr  
Prisoner No. 14820-016  
Federal Correctional Institution Terre Haute  
P.O. Box 33  
Terre Haute, IN  47808

   *Petitioner*

Barbara E. Kittay  
OFFICE OF THE U.S. ATTORNEY FOR THE DISTRICT OF COLUMBIA  
Room 11-840  
555 Fourth Street, NW  
Washington, DC  20530  
Email: barbara.kittay@usdoj.gov

   *Counsel for the United States*